| | |
|---|---|
| KYRE MITCHELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHARLOTTE, et al., ) <br> ) <br> Defendants. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss, (Doc. No. 31), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 36), recommending that this Court grant the Defendants' motion in part and deny it in part. The parties have not filed objections to the M&R, and the time for doing so has expired. Fed. R. Civ. P. 72(b)(2). On March 15, 2024, Plaintiff filed a Notice, (Doc. No. 38), explaining that he did not intend to object to the M&R.

## I.  BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II.  STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district

1

court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

### III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). No objection to the M&R having been filed, and the time for doing so having passed, the parties have waived their right to de novo review of any issue covered in the M&R. Nevertheless, this Court has conducted a full review of the M&R and other documents of record, and having done so, the Court hereby finds that the recommendation of the Magistrate Judge is, in all respects, in

2

accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 36), is **ADOPTED**;

2. Defendants' Motion to Dismiss, (Doc. No. 31), is **GRANTED IN PART** and **DENIED IN PART**;

3. Specifically, Defendants' Motion is **GRANTED** as to the following claims and those claims are **DISMISSED WITH PREJUDICE**: Plaintiff's § 1983 claim for Fourth Amendment violations, Plaintiff's § 1983 claim under *Monell* against the City for alleged Fourth Amendment violations, Plaintiff's § 1983 claim for supervisory liability for alleged Fourth Amendment violations, Plaintiff's § 1983 conspiracy claim, Plaintiff's claims against the Individual Defendants in their official capacities only, Plaintiff's state law claims against the Individual Defendants in their individual capacities only, and Plaintiff's direct claims under the North Carolina Constitution;

4. Defendants' Motion is **DENIED** as to the following claims: Plaintiff's § 1983 claim for First Amendment violations, Plaintiff's § 1983 claim under *Monell* against the city for alleged First Amendment violations, and Plaintiff's § 1983 claims for supervisory liability for alleged First Amendment violations;

5. Defendants' Motion to Dismiss with respect to Plaintiff's request for injunctive relief is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**; and

6. Defendants' Motion to Dismiss for insufficient service of process is **DENIED**.

Signed: March 29, 2024

Robert J. Conrad, Jr.
United States District Judge