# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Case No. 3:23-CV-006- RJC-SCR

| | |
|---|---|
| **KYRE MITCHELL,**   *Plaintiff*   *v.*   **CITY OF CHARLOTTE, et al.,**   *Defendants*. | **STIPULATED PROTECTIVE ORDER** |

**THIS MATTER** is before the Court upon the joint request of the parties for the entry of a confidentiality protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The parties anticipate producing in discovery certain non-public records that the law protects from unauthorized disclosure, and they seek an order governing how the parties are to handle this information.

It is hereby **ORDERED**, as stipulated by the parties through counsel, that certain documents and information requested by the parties in oral and written discovery in this action will be governed by the terms, conditions, restrictions, and procedures of this Stipulated Protective Order.

1. All information and documents produced and designated as **CONFIDENTIAL** in accordance with this Stipulated Protective Order shall be treated as confidential and not disseminated or further disclosed except in accordance with this Order.

2. Confidential information shall include non-public information, including without limitation:

    a. personal identifying information of any person, e.g., birthdates or Social Security Numbers;

b. medical, financial, highly personal, or sensitive information of any person;

c. confidential information, per N.C.G.S. § 132-1.2;

d. records of criminal investigations, per N.C.G.S. §§ 132-1.4;

e. law enforcement agency recordings, per N.C.G.S. § 132-1.4A;

f. employee personnel information, per N.C.G.S. § 160A-168; and

g. non-public information of any non-party, including any information produced in response to a subpoena.

3. Counsel may designate a document or portions of a document as "CONFIDENTIAL" if Counsel reasonably and in good faith determines that the documents are not in the public domain and contain confidential information. The designation may appear on the document itself or be made via letter or email to opposing Counsel setting forth the bates labeled documents that are deemed "CONFIDENTIAL."

4. A party may disclose designated CONFIDENTIAL information only to

a. the Court and its staff;

b. the parties and their counsel;

c. staff of counsel's law firm who assist with the preparation or filing of exhibits or other documents;

d. court reporters employed for the purpose of taking depositions;

e. consultants or experts retained or who may be retained for litigation purposes;

f. witnesses or prospective witnesses for discovery, trial preparation, or trial purposes; and

g. service contractors such as copying or imaging service providers who assist with the preparation of exhibits, discovery responses or other documents.

5. Before disclosing designated CONFIDENTIAL information to the persons described in sections 4(e), 4(f), and 4(g), Counsel must obtain from that person an executed form attached as Exhibit A.

4879-8981-4325, v. 1

6. Within sixty (60) days after final disposition of this matter, designated CONFIDENTIAL information shall be returned or destroyed, with counsel providing an affidavit of destruction, except that counsel of record for each party may retain a copy in accordance with that party's document retention or destruction policies. However, any designated CONFIDENTIAL information will continue to be subject to this Order.

7. Documents, information, and recordings designated as CONFIDENTIAL may be used in depositions during litigation. Within 10 days before the close of discovery, a party may designate portions—by page and line numbers—of deposition testimony as "CONFIDENTIAL". The designating party must serve a Notice of Designation in writing to all Counsel of record as to the specific portions of the transcript being designated CONFIDENTIAL. Thereafter, those portions so designated shall be protected under this Order.

8. When a party seeks to file with the Court designated CONFIDENTIAL information or documents, including confidential portions of any transcript, the party shall follow this Court's applicable rules for filing documents under seal, including W.D.N.C. Local Rule LCvR 6.1. If the party seeking to file confidential information or documents is not the party who designated such information and documents confidential, then they shall provide the party who so designated reasonable advanced notice of their intent to file before they file the requisite motion under LCvR 6.1(c) so that the parties can confer as to whether such information and documents should be filed with a request that it be under seal. Notwithstanding a party's desire to file designated CONFIDENTIAL documents under seal, any motion, memorandum, document, or other paper filed with the Court is presumptively deemed to be a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to the Court's rules applicable law.

4879-8981-4325, v. 1

9. The production by either party of designated CONFIDENTIAL information and documents pursuant to the terms of this Order shall not waive or prejudice the right of either party to object to the admissibility of the documents or information on other grounds. The production of such information or documents shall not be considered an acknowledgement that the materials may be admissible into evidence at trial of this action.

10. In the event a party disputes the designation of information or documents as CONFIDENTIAL, counsel for the disputing party shall notify the designating party in writing of such dispute, which may include notification by email. In an effort to settle such dispute without judicial intervention, the parties shall confer to determine whether the restrictions imposed by this Order are warranted with respect to the disputed designation. If the parties cannot resolve the dispute, the disputing party may file a motion with the Court for a ruling on the designation.

11. When the parties dispute a confidentiality designation, the designating party maintains the burden to show that the information or documents are entitled to continued protection under this Order. During the pendency of such dispute or motion and until the Court rules, the information or documents designated as CONFIDENTIAL shall remain subject to the designations and restrictions of this Order.

12. The handling of information designated as CONFIDENTIAL at trial shall be a matter addressed by the Court at the final pre-trial conference.

13. Nothing in this Order shall require disclosure of material which is protected from disclosure by the attorney-client privilege, as constituting attorney work product, or any other valid objection or privilege. Additionally, inadvertent disclosure of any document or materials subject to a legitimate claim that the document or materials are subject to or otherwise protected from disclosure under the attorney-client privilege, work product doctrine, or any other type of legally

4879-8981-4325, v. 1

recognized protection or privilege, shall not waive the protection for either the document or information contained in the documents or materials. The inadvertent disclosure of documents protected by the attorney-client privileged or work product doctrine shall be governed by Rule 502 of the Federal Rules of Evidence.

14. A failure to designate information, documents, or items as "CONFIDENTIAL" does not waive the designating party's right to secure protection under this Order for such material. If material is designated as "CONFIDENTIAL" after the material was initially produced, the receiving party, on timely notification by the designating party, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. If a party disputes the subsequent designation of material as "CONFIDENTIAL" under this paragraph, a party may dispute the designation as provided above.

15. This Order shall not prevent any party from applying to the Court for relief, or from applying to the Court for additional protective orders—including concerning information covered by the attorney-client privilege or work-product protection—or from the parties agreeing among themselves to the modification of this protective order, subject to the approval of the Court.

16. This Order may be modified only upon further order of this Court.

**SO ORDERED**.

Signed: July 16, 2024

_____
Susan C. Rodriguez
United States Magistrate Judge

Case 3:23-cv-00006-RJC-SCR   Document 46   Filed 07/16/24   Page 5 of 8
4879-8981-4325, v. 1

**BY STIPULATION**:

This 11th day of July 2024.

| | |
|---|---|
| /s/ Darlene Harris | /s/ Ryan G. Rich |
| Darlene Harris, N.C. Bar No. 46087 | Ryan G. Rich, N.C. Bar No. 37015 |
| **Law Office of Darlene Harris** | **Office of the City Attorney** |
| 5309 Monroe Rd. | Charlotte-Mecklenburg Government Center |
| Charlotte, NC 28205 | 600 East 4th Street |
| 704-243-8178 | Charlotte, North Carolina 28202 |
| darlene@powerinprotection.com | 704-572-3611 |
| | ryan.rich@charlottenc.gov |
| Michael L. Littlejohn Jr., N.C. Bar No 49353 | |
| **Littlejohn Law PLLC** | *Counsel for Defendants* |
| PO Box 16661 | |
| Charlotte, NC 28297 | |
| 704-322-4581 | |
| mll@littlejohn-law.com | |

*Counsel for Plaintiff Kyre Mitchell*

4879-8981-4325, v. 1

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Charlotte Division

Case No. 3:23-CV-006- RJC-SCR

| | |
|---|---|
| KYRE MITCHELL,<br><br>*Plaintiff*<br><br>v.<br><br>CITY OF CHARLOTTE, *et al.,*<br><br>*Defendants*. | |

**DECLARATION OF COMPLIANCE**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with this matter have been designated as confidential pursuant to a Stipulated Protective Order. I understand that documents and information in this matter labeled as "CONFIDENTIAL" or provided to me with the instruction that the information is confidential may not be disclosed to anyone other than persons permitted by that Stipulated Protective Order.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person other than the parties, their counsel, or any person

4879-8981-4325, v. 1

permitted by the Stipulated Protective Order. I further agree not to use any such information for any purpose other than this litigation.

Date: _____

Printed Name: _____

Signature: _____

4879-8981-4325, v. 1